UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY CRIVELLO RUSSO,<br><br>        Plaintiff,<br><br>  -against-<br><br>TIMES HERALD RECORD NEWSPAPER, *et al.*,<br><br>        Defendants. | 18-CV-10727 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

By order dated January 16, 2019, the Court directed Plaintiff to show cause by declaration why this action should not be dismissed for lack of subject matter jurisdiction.[1] That order specified that failure to comply would result in dismissal of the action. On April 11, 2019, the Court dismissed the action after Plaintiff failed to file a declaration.

On April 23, 2019, the Court received a letter from Plaintiff, addressed to the Clerk of Court, titled "Fraud on the Court." Plaintiff states that the Court "used 'Partiality' in a scheme to defeat [Plaintiff's] Article III complaint."[2] (Ltr. at 1.) He requests that the Clerk of Court "find a[n] Honorable Judge who will help [him] to elucidate[e] what the [defendant] is guilty of." Attached to the complaint is a primer on the disqualification of judges.

In his letter, Plaintiff also repeats many of the allegations that are in his complaint but does not address the deficiencies described in the Court's January 16, 2019 order.

---

[1] The January 16, 2019 order was returned to the Court as undeliverable. On or around March 5, 2019, the Court learned of Plaintiff's new address and remailed the order to that address.

[2] "Partiality" is "defined as '[f]avorable prejudice or bias.'" *Liteky v. United States*, 510 U.S. 540, 552, 114 S. Ct. 1147, 1156, 127 L. Ed. 2d 474 (1994) (quoting American Heritage Dictionary 1319 (3d ed. 1992)). The Court construes Plaintiff's assertion as accusing the Court of *un*favorable prejudice or bias.

The Court liberally construes the letter as a motion to recuse. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's letter, the Court denies the motion to recuse.

The Court also construes the letter as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. After reviewing the arguments in Plaintiff's submission, the Court denies the motion for reconsideration.

## DISCUSSION

### A.    Motion to Recuse

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance . . . [and] recusal [i]s required whenever 'impartiality might reasonably be questioned.'" *Liteky v. United States*, 510 U.S. 540, 548 (1994) (quoting § 455(a)). If "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal," recusal is warranted. *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy*

*Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all of his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555 (1994).

By order dated January 16, 2019, the Court directed Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Rather than submitting a declaration addressing the legal issues raised in that order, Plaintiff did nothing. The Court therefore dismissed the action in accordance with the express warning that the Court would do so if Plaintiff failed to act.

Plaintiff now asserts that the undersigned "used 'Partiality' in a scheme to defeat [Plaintiff's] Article III complaint." (Ltr. at 1.) This assertion is based solely on the Court's dismissing this matter after Plaintiff failed to file a declaration showing that the Court had subject matter jurisdiction. Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive Plaintiff's dissatisfaction only with the Court's rulings. If Plaintiff is dissatisfied with the Court's rulings, he is free to appeal them to the United States Court of Appeals for the Second Circuit. *See Liteky*, 510 U.S. at

555 (noting that [a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal").

As there is no need for the undersigned to recuse herself from this action, the Court denies Plaintiff's motion.

**B.    Motion for Reconsideration**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

4

to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies the relief sought in Plaintiff's letter (ECF No. 19), seeking the Court's recusal and reconsideration of the April 11, 2019 order. This order terminates all other motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 17, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge